MacMURRAY COLLEGE, Plaintiff-Appellant, v. GAIL MARY SCHIESSER *et al.*, Defendants-Appellees.

Fourth District   No. 4—84—0601

Opinion filed April 1, 1985.

Alan W. Applebee, of Jacksonville, for appellant.

Forrest G. Keaton, of Rammelkamp, Bradney, Hall, Dahman & Kuster, of Jacksonville, for appellee John J. Schiesser.

Thomas, Wallace, Feehan, Baron & Kaplan, Ltd., of Joliet (Pamela E. Davis, of counsel), for appellee Gail Mary Schiesser.

JUSTICE MILLS delivered the opinion of the court:

A student loan.

Amount: $4,675.

Summary judgment for the student.

MacMurray College appeals.

We reverse and remand.

While enrolled as a student at MacMurray College, Gail Schiesser executed a promissory note agreeing to repay MacMurray for monies

advanced through the National Direct Student Loan Program. Her father, John J. Schiesser, cosigned the note. During Gail's tenure at MacMurray, she was advanced $4,675 under the note.

Gail graduated from MacMurray in May 1978. From January 1979 to June 1979, she attended Illinois State University. Payments on the note were not due to begin until April 1980. Thereafter, quarterly payments were due in the amount of approximately $150, decreasing upon each payment.

Gail made no payments to MacMurray until December 5, 1980, when she paid $60.55. MacMurray granted Gail a hardship deferment, which was retroactive to April 1980 and extended through October 1980. By letter dated January 20, 1981, MacMurray advised Gail that a payment was due on January 1, 1981, in the amount of $151.94. MacMurray acknowledged that Gail would likely be unable to make this payment in full and requested that she make payments of $20 per month. Gail made one payment to MacMurray on April 8, 1981, in the amount of $15.

In the fall of 1981, the parties agreed that Gail would pay $25 per month beginning in October 1981, and that she would contact MacMurray in April 1982 to discuss her financial situation and revise their agreement accordingly. From November 1981 until April 1982, Gail made payments of $25 per month to MacMurray. Thereafter, Gail made no further payments.

MacMurray wrote Gail several times concerning her past-due note but received no response. On January 17, 1983, MacMurray wrote Gail advising her that her note had been accelerated. This letter was returned to MacMurray marked "unclaimed."

MacMurray brought this action to recover on the note. The amended complaint alleged that the defendants had failed to make the required payments under the note and that pursuant to the terms of the note, MacMurray had exercised its option to accelerate. Gail moved for summary judgment, arguing that MacMurray's failure to exercise its option to accelerate the debt prior to the time she became eligible for a deferment bars its recovery here. In support of her motion for summary judgment, Gail presented her affidavit stating that she was enrolled as a full-time law student at Chicago-Kent College of Law in August 1982, and that she had continued to be a full-time student to the present. The trial court granted Gail's motion. John then filed a motion for summary judgment, arguing that his liability, as cosigner of the note, was derivative of that of Gail's. The trial court also granted John's motion.

On appeal, MacMurray argues that the trial court erred in grant-

ing the defendants' motions for summary judgment because genuine issues of material fact exist.

We agree.

■■ ■ The principles governing summary judgment are well established. A motion for summary judgment, pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005) should only be granted where the record reveals that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. (*Nelson v. Gundlock* (1983), 120 Ill. App. 3d 117, 457 N.E.2d 1052.) Supporting affidavits are to be construed most strictly against a moving party and most liberally in favor of the opponent. (*McCarthy v. Johnson* (1983), 122 Ill. App. 3d 104, 460 N.E.2d 762.) The moving party's right to summary judgment must be clear and free from doubt. *Mortell v. Insurance Co. of North America* (1983), 120 Ill. App. 3d 1016, 458 N.E.2d 922.

In entering summary judgment in favor of the defendants, the trial court had to find that no genuine issue of material fact existed concerning Gail's eligibility for deferral. The relevant portion of the promissory note between the parties provides:

> "Interest shall not accrue, and installments need not be paid during any period (A) during which the maker is carrying, at an institution of higher education *** at least one-half the normal full-time academic workload."

In support of her motion for summary judgment, Gail submitted her affidavit which stated that she is enrolled as a full-time law student at Chicago-Kent College of Law. Gail failed to return the deferment forms which MacMurray sent to her to be completed by Chicago-Kent. By counteraffidavit filed in opposition to Gail's motion, Jackie Gray, the assistant comptroller and director of personnel of MacMurray, stated that MacMurray "at no time has received any request for deferment of payments for [Gail] to attend Chicago-Kent College."

The terms of the note provide for a waiver of payment upon the borrower's enrollment as at least a half-time student. We find that implicit in the terms of the note is the requirement that the borrower furnish sufficient, independent evidence of his or her enrollment. To afford protection to the lending institution, deferral status must be founded on more than the bare, self-serving statements of the borrower.

■ A preferred method of establishing the borrower's eligibility for deferral is the borrower's filing of deferment forms—completed by the educational institution, verifying the borrower's enrollment. However, other evidence, such as certified copies of transcripts, letters

from the educational institution to the lending institution, etc., might well be considered to be sufficient. The borrower's eligibility for deferral is a question of fact. In the present case, that issue remains unresolved.

Additionally, we find that an issue of material fact was presented with respect to whether payments were due under the note from November 1980 through July 1981. In her affidavit, Gail contends that no payments were due during that period, whereas MacMurray denies the application of a grace period. As our review of the pleadings and affidavits reveals that not all of the material facts were resolved, we conclude that the trial court erred in entering summary judgments in favor of the defendants.

The orders entering summary judgment are vacated and the cause is remanded for trial.

Reversed and remanded.

McCULLOUGH and TRAPP, JJ., concur.